UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JODY RUCKS,

                         Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. MICHAEL PERCY, Shield No. 01047, Individually and in his Official Capacity, P.O. ANTHONY BRUNO, Shield No. 02726, Individually and in his Official Capacity, SGT. MICHAEL O'CONNOR, Shield No. 01376 and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                         Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**12 cv 4226**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff JODY RUCKS, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JODY RUCKS is an African-American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. MICHAEL PERCY, P.O. ANTHONY BRUNO, SGT. MICHAEL O'CONNOR, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about June 18, 2011, at approximately 4:00 a.m., plaintiff JODY RUCKS was lawfully present on the Brooklyn-bound A/C/E subway platform at the West 4th St. Station in the County and State of New York.

14. At the aforesaid time and place, defendant officers approached plaintiff and issued him a summons, stating, in sum and substance, "you were sleeping on the train, remember? I woke you up."

15. Plaintiff had not been sleeping on any train at any point on June 18, 2011.

16. In disgust, plaintiff stated, in sum and substance, "you can't do this, this is harassment" and simultaneously threw the summons in the garbage.

17. In response, the defendant officers violently grabbed plaintiff, threw him to the ground, and began beating him repeatedly about the face, neck, back, and ribs.

18. Thereafter, the defendant officers kicked, punched and kneed plaintiff about the head and body, sprayed mace into his eyes, and handcuffed his arms tightly behind his back.

19. Plaintiff was then transported to a nearby precinct where he was charged with Obstructing Governmental Administration, Resisting Arrest, and Occupying Multiple Seats in a Transit Facility.

20. At no time on June 18, 2011 did plaintiff occupy multiple seats in a transit facility, nor did he obstruct officers from performing a *lawful* duty or resist a *lawful* arrest in any way.

21. At no time on June 18, 2011 did defendants possess probable cause to arrest plaintiff.

22. At no time on June 18, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

23. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

24. Thereafter, defendants repeatedly gave false and misleading information regarding the facts and circumstances of plaintiff's arrest to the District Attorney's Office.

25. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they witnessed plaintiff occupy more than one seat on a subway car, that plaintiff grabbed defendants O'CONNOR and BRUNO, and that plaintiff's alleged actions caused twenty (20) people to gather and watch.

26.     As a result of defendants' actions, plaintiff JODY RUCKS spent approximately twenty-four (24) hours in police custody and approximately eleven (11) months making numerous court appearances.

27.     Despite defendants' actions, all charges against plaintiff JODY RUCKS were dismissed on or about May 16, 2012.

28.     As a result of this incident, plaintiff lost wages he would have otherwise received.

29.     As a result of the foregoing, plaintiff JODY RUCKS sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff JODY RUCKS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the New York County District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JODY RUCKS.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JODY RUCKS.

45. Defendants acted with malice in initiating criminal proceedings against plaintiff JODY RUCKS.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JODY RUCKS.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiff JODY RUCKS.

48. Defendants acted with malice in continuing criminal proceedings against plaintiff JODY RUCKS.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they witnessed plaintiff occupy more than one seat on a subway car, that plaintiff grabbed defendants O'CONNOR and BRUNO, and that plaintiff's alleged actions caused twenty (20) people to gather and watch.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JODY RUCKS's favor on or about May 16, 2012 when the charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54. Defendants created false evidence against plaintiff JODY RUCKS.

55. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they witnessed plaintiff occupy more than one seat on a subway car, that plaintiff grabbed defendants O'CONNOR and BRUNO, and that plaintiff's alleged actions caused twenty (20) people to gather and watch.

56. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

57. Defendants misled the prosecutors by creating false evidence against plaintiff JODY RUCKS and thereafter providing false testimony throughout the criminal proceedings.

58. In creating false evidence against plaintiff JODY RUCKS, in forwarding false evidence and information to prosecutors, and in providing false and misleading

sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

60. Plaintiff JODY RUCKS repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff JODY RUCKS.

62. As a result of the aforementioned conduct of defendants, plaintiff JODY RUCKS was subjected to excessive force and sustained physical and emotional injuries.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

70. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers,

and were directly responsible for the violation of plaintiff JODY RUCKS's constitutional rights.

71. The acts complained of deprived plaintiff of his rights:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unlawful search;

  D. Not to have summary punishment imposed upon him; and

  E. To receive equal protection under the law.

72. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

## PENDANT STATE CLAIMS

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. On or about July 5, 2011 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

75. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h but such hearing has not taken place.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant action.

79. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

80. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

82. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendant police officers touched plaintiff JODY RUCKS in a harmful and offensive manner.

85. Defendant police officers did so without privilege or consent from plaintiff.

86. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendant police officers arrested plaintiff JODY RUCKS in the absence of probable cause and without a warrant.

89. As a result of the aforesaid conduct by defendants, plaintiff JODY RUCKS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.   As a result of the foregoing, plaintiff JODY RUCKS was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and humiliated and subjected to handcuffing and other physical restraints.

92.   Plaintiff was conscious of said confinement and did not consent to same.

93.   The confinement of plaintiff was without probable cause and was not otherwise privileged.

94.   As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

98.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

99.   The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

100.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

101.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     On June 18, 2011, defendants commenced a criminal proceeding against plaintiff JODY RUCKS.

103.     Defendants lacked probable cause to commence said criminal proceeding against plaintiff JODY RUCKS.

104.     Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff JODY RUCKS.

105.     From June 18, 2011 to May 16, 2012, plaintiff was forced to repeatedly make appearances in Criminal Court to defend himself against the unlawful prosecution initiated by defendants.

106.     As a result of the malicious prosecution against him, plaintiff JODY RUCKS spent approximately eleven months making court appearances and missed time from work.

107.     On May 16, 2012, the criminal prosecution against plaintiff JODY RUCKS was terminated in his favor when the charges against him were dismissed.

108. As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

109. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

111. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

112. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;
   ii. an order awarding punitive damages in an amount to be determined at trial;
   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and
   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and

disbursements of this action.

Dated: New York, New York
       May 23, 2012

                                          BY:_____/s_____
                                          GERALD COHEN
                                          COHEN & FITCH LLP
                                          Attorneys for Plaintiff
                                          233 Broadway, Suite 1800
                                          New York, N.Y. 10279
                                          (212) 374-9115
                                          gcohen@cohenfitch.com

Case 1:12-cv-04226-KPF-MHD Document 1 Filed 05/29/12 Page 17 of 17