USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 5, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JODY RUCKS,

                                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. MICHAEL PERCY, Shield No. 01047, Individually and in his Official Capacity, P.O. ANTHONY BRUNO, Shield No. 02726, Individually and in his Official Capacity, SGT. MICHAEL O'CONNOR, Shield No. 01376 and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                                                Defendants.

------------------------------------------------------------------X

**JOINT PRE-TRIAL STATEMENT**

**12 CV 4226 (KPF)(MHD)**

The undersigned attorneys affirm and declare that this Joint Pre-Trial Statement is submitted in conformity with the Individual Rules of Judge Katherine Polk Failla.

    ii.    **Trial Counsel Information:**

        a.  *Counsel for Plaintiff:*
            Gerald Cohen & Joshua Fitch
            Cohen & Fitch, LLP
            233 Broadway, Suite 1800
            New York, New York 10279
            Tel: (212) 374-9115
            Fax: (212) 406-2313

        b.  *Counsel for Defendants:*
            Ryan G. Shaffer
            New York City Law Department – Office of the Corporation Counsel
            100 Church Street, Room 3-212
            New York, New York 10007
            Tel:    (212) 356-2386
            Fax:   (212) 788-9776

iii. **A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff's Statement: Plaintiff has laid venue of this action in this court based upon the location of the incident, as well as the claim of violation of plaintiff's civil rights under 42 U.S.C. section 1983 and pursuant to 28 U.S.C. sections 1331, 1343, and 1367.

Defendants' Statement: Defendants do not contest the Court's jurisdiction.

iv. **A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter.**

**Plaintiff's Statement**

1. *Claims to be Tried:*

a. **False arrest and Unlawful Imprisonment. 42 U.S.C. §1983 and New York State Common Law.** False actions under 1983 are governed by state law. Shaw v. City of New York, et al., 95 CV 9325, 1997 WL 187352, at *3 (S.D.N.Y. 1997) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 114 (2nd Cir.1995), cert. denied, 517 U.S. 1189 (1996). As such, the New York Court of Appeals has held that in order to establish a claim for false arrest, plaintiff must prove that (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Broughton v. State of New York, 37 N.Y.2d 451 (N.Y. 1975). Further, when an arrest is made without a warrant, "the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful." Id. at 458. Since plaintiff's arrest was made without a warrant the defendants have the burden to prove that it was supported by probable cause. See id; see also Raysor v. Port Auth. of N.Y. & N.J., 768 F.2d 34, 39-40 (2d Cir. 1985). Here there is no dispute that defendants intended to confine plaintiff and that he was aware of his confinement. Further, if plaintiff's version of events is credited the arrest was not privileged or justified.

b. **Malicious prosecution. 42 U.S.C. § 1983 and New York State Common Law.** The Second Circuit has held that in order to establish a claim for malicious prosecution, plaintiff must prove that (1) the defendants commenced a criminal proceeding against the plaintiff; (2) the criminal proceeding was terminated in plaintiff's favor; (3) there was an absence of

probable cause for the proceeding; and (4) the defendant's acted with actual malice in commencing the proceeding against plaintiff. See Rogers v. City of Amsterdam, 303 F.3d 155, 160 (2d Cir. 2002). An officer's filing of a sworn complaint is sufficient to satisfy the initiation prong of a malicious prosecution claim. See Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010) ("as a matter of law [an officer] initiate[s] the prosecution by filing the complaint."); Williams v. City of New York, 05 Civ. 10230, 2007 WL 2214390 at * 10 (S.D.N.Y. July 26, 2007)("It is well-settled…that signing and submitting complaints constitutes an initiation of a prosecution."); Sankar v. City of New York, 07 Civ. 4726, Memorandum and Order by U.S.D.J. Dearie (E.D.N.Y. July 18, 2012)([A]n officer's filing of a sworn complaint is sufficient to satisfy the initiation prong of a malicious prosecution claim."). In the instant case, it is undisputed that one of the named defendants signed the sworn criminal complaint and the others provided information that formed the basis for the criminal prosecution. Further, there is no dispute that the criminal case was dismissed, thus was terminated in plaintiff's favor. See Marshall v. Randall, 12-2479-CV, 2013 WL 2500566 *5 (2d Cir. June 12, 2013)(finding a speedy trial dismissal to a favorable termination as a matter of law). Finally, if plaintiff's version is believed, then defendants lied to prosecutors regarding the existence of probable cause, which would also allow malice to be inferred from their actions.

c. **Denial of Fair Trial. 42 U.S.C. § 1983.** Separate and distinct from a malicious prosecution claim, plaintiff has also claimed a denial of a right to fair trial. See Jovanovic v. City New York, 2006 WL 2411541, *13 (S.D.N.Y. 2006); see also Morse v. Spitzer, 2012 WL 3202963, *2-3 (E.D.N.Y. 2012). In order to prevail on such a claim, plaintiff needs to prove that: 1) the defendants provided false information to a prosecutor; 2) that is likely to influence a jury's decision; and 3) that plaintiff was deprived of liberty as a result. See Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003). As noted above, plaintiff has alleged that the defendants provided false information to prosecutors. As a result of this false information, plaintiff was arrested and prosecuted over the course of eleven months.

d. **Excessive Force. 42 U.S.C. § 1983.** Plaintiff also brought a claim for excessive force. Plaintiff need only prove that the force employed by defendants in effectuating his arrest was objectionably unreasonable. See Robison v. Via, 821 F.2d 913, 924 (2d Cir.1987) ("If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe."). Plaintiff alleged that the defendant officers violently assaulted him without provocation, causing him to suffer injuries to several parts of his body.

e. **Assault New York State Common Law.** "If an arrest is determined to be unlawful, any use of force against a plaintiff may constitute an assault and battery, regardless of whether the force would be deemed reasonable if

-3-

applied during a lawful arrest." Sulkowska v. The City of New York, et.al., 129 F. Supp. 2d 274, 294, (S.D.N.Y. 2001)(citing Johnson v. Suffolk County Police Dep't, 245 A.D.2d 340, 665 N.Y.S.2d 440, 440 (2d Dep't 1997)) (holding that a police officer committed a battery when he touched the plaintiff during an unlawful arrest)(citing Budgar v. State of New York, 414 N.Y.S.2d 463, 466 (1979)(finding that "since the arrest was unlawful, a technical assault and battery occurred when the claimant was handcuffed and forcibly placed in the State police car")); see Nelson v. Town of Glenville, 633 N.Y.S.2d 222, 223 (3d Dep't 1995)(affirming lower court's directed verdict for false arrest and battery resulting from false arrest when officers made contact with minor as they attempted to gain entry into her father's house to execute arrest warrant for her father, handcuffed minor, charged her with obstructing governmental administration, detained her for one hour at police station, and did not oppose motion to dismiss charges against minor); Pawloski v. State, 258 N.Y.S.2d 258, 265 (1965)(finding assault and battery arising out of false arrest where plaintiff "was touched by the State Police").

  f. **Battery New York State Common Law.** (See Section e. *supra*).

  2. *Claims Previously Asserted*:

  a. **Municipal Liability. 42 U.S.C. § 1983.** Voluntarily withdrawn.

  b. **Intentional Infliction of Emotion Distress. New York State Common Law.** Voluntarily Withdrawn.

  c. **Negligent Hiring Retention Supervision and Training. New York State Common Law.** Voluntarily Withdrawn.

**Defendants' Statement**

  1. *Claims to be Tried*:[1]

  a. Excessive force. 42 U.S.C. § 1983.

  b. False arrest. 42 U.S.C. §1983.

  c. Malicious prosecution. 42 U.S.C. § 1983.

---

[1] Defendants note that pursuant to a separately filed stipulation, plaintiff voluntarily withdrew with prejudice his municipal liability, negligent hiring, training, supervision, retention, and intentional infliction of distress claims. Defendants further note that, in accordance with the Court's Individual Rules of Practice, they will move *in limine* for dismissal of plaintiff's claim that he was denied the right to a fair trial.

d. New York state common law claims.

   2. *Defenses to be Tried*:

   a. Plaintiff has failed to state a claim upon which relief can be granted. See 42 U.S.C. §1983.

   b. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

   c. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of the defendants.

   d. Any force used was reasonable under the circumstances. See generally United States v. Walsh, 194 F.3d 37, 47-48 (2d. Cir. 1999)

   e. Defendants Michael Percy, Anthony Bruno, and Michael O'Connor have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore, are entitled to the defense of qualified immunity. See generally Sands v. City of New York, 04 Civ. 5275 (BMC) (LAP), 2006 U.S. Dist. LEXIS 72111 (E.D.N.Y. Oct. 3, 2006).

   f. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

   g. There was probable cause for plaintiff's arrest, detention, and prosecution. See Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

   h. Punitive damages are not recoverable against the City of New York.

v. **A statement as to the number of trial days needed and whether the case is to be tried with or without a jury.**

The parties anticipate that the length of trial will be no more than one week, and will be tried with a jury.

vi. **A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent.**

The parties do not consent to trial by a Magistrate Judge.

vii. **Stipulations or agreed statements of fact or law to which all parties consent.**

a. On June 18, 2011, plaintiff Jody Rucks was arrested.
b. Plaintiff was charged with Obstruction of Governmental Administration, Resisting Arrest, and Occupying Multiple Seats in A Transit Facility.

viii. **A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witnesses testimony.**

a. **Plaintiff's Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):

1. *Police Officer Michael Percy, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment as arresting officer on June 18, 2011, and his involvement in plaintiff's arrest and criminal prosecution.

2. *Police Officer Anthony Bruno, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment on June 18, 2011, and his involvement in plaintiff's arrest and criminal prosecution.

3. *Sergeant Michael O'Connor, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment on June 18, 2011, and his involvement in plaintiff's arrest and prosecution.

4. *Police Officer Gustavo Perdomo, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment on June 18, 2011, and his involvement in plaintiff's arrest and prosecution.

5. *Police Offiicer Patrick Zenker, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment on June 18, 2011, and his involvement in plaintiff's arrest and prosecution.

6. *Jody Rucks, 169A Monroe Street Apt. 3, Brooklyn, NY 11216* – expected to testify concerning the facts and circumstances of his arrest, subsequent criminal prosecution, and his damages.

7. *Sergeant Joel Estevez, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment on June 18, 2011, and his involvement in plaintiff's arrest and prosecution.

8. *Police Officer Brian Bohr, One Police Plaza, New York, NY 10038* – expected to testify as to his assignment on June 18, 2011, and his involvement in plaintiff's arrest and prosecution.

9. *Assistant District Attorney Danielle Labadorf, 80* Centre Street, *New York, NY 10013* – expected to testify about her involvement in the prosecution of plaintiff in connection with his arrest, defendants' statements made to the her concerning this case, which she relied on to continue the prosecution, and to authenticate District Attorney documents.

10. *A Representative from New York District Attorney's Office* – expected to testify as an authentication witness if Assistant District Attorney Danielle Labadorf is unavailable.

11. *Kasey Schweickert, 13803 Lafayette St, Apt 2 Ozone Park, NY 11417* – expected to testify as to her interaction with plaintiff shortly before the arrest. Specifically, she will testify that plaintiff only had one drink that evening and that he did not appear intoxicated shortly before his arrest.

12. *Representative From the NYPD* - expected to Authenticate Operations Order 52.

13. *Patrick Lynch or A Representative From the Patrolman's Benevolence* - expected to Authenticate PBA documents and lobbying efforts to get anti-quota legislation passed.

14. *Dr. Rajan Gulati 111 Maltese Drive, Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

15. *Dr. Sushil Dhawan, Ellenville Regional Hospital, 10 Healthyway Road, Ellenville, NY* – to testify concerning treatment of defendants and authenticate medical records.

16. *Dr.Elena Kaznatcheeva, Ellenville Regional Hospital, 10 Healthyway Road, Ellenville, NY* – to testify concerning treatment of defendants and authenticate medical records.

17. *Dr. William Ciplinski, 262 Greenwich Ave, Goshen, NY* – to testify concerning treatment of defendants and authenticate medical records.

18. *Dr. Howard Yeon, Crystal Run Healthcare, 155 Crystal Run Road, Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

19. *Jonathan Rudnick, DO, Crystal Run Healthcare, 155 Crystal Run Road, Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

20. *Dmitri Gorelov, DO, Crystal Run Healthcare, 155 Crystal Run Road, Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

21. *Dr. Anthony Cramico, 662 Goodwin Ave, Midland Park, NJ* – to testify concerning treatment of defendants and authenticate medical records.

22. *Syed Asim Husain, DO, Crystal Run Healthcare, 155 Crystal Run Road, Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

23. *Dr. Brian Weslowski, 633 Route 211, East Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

24. *Dr. Michael Y. Dubois, 240 East 38th Street, 14th Floor, NY* – to testify concerning treatment of defendants and authenticate medical records.

25. *Dr. Jeffrey Stewart, MID Hudsn Hematology Oncology PC, 185 Rykowski Ln., Middletown, NY* – to testify concerning treatment of defendants and authenticate medical records.

26. *Records Custodian from Each of the Medical Facilities Where Defendants Sought Treatment* – to authenticate medical records for each defendant. (this will not be necessary if defendant's stipulate to authentication).

27. *Noemi Martin, Civilian Complaint Review Board, 40 Rector Street, 2nd Floor, New York, New York 10006* – only will be called for rebuttal if the CCRB findings are admitted into evidence.

*Plaintiff further reserves his right to call any and all defense witnesses listed below and any other rebuttal witnesses not named herein should the need arise at trial, which was not reasonably foreseeable at the time of this order.*

    b. **Defendant's Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):

1. Defendants reserve their right to call any of the witnesses listed by plaintiff.

  ix. **A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party.**

    a. **Plaintiff:** Plaintiff designates certain deposition testimony of defendants Michael Percy, Anthony Bruno, and Sgt. Michael O'Connor for use in his case in chief as specified below (See Exhibits 60, 61, and 62 respectively) and respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil

-8-

Procedure (i.e. impeachment, admissions, and/or refreshment) should it become necessary. Should it become necessary, plaintiff specifically designates the following pages of Michael Percy's deposition to potentially be read in at trial: 34-105; 107-118, 120-177, 184-211; the following pages of Anthony Bruno's deposition to potentially be read in at trial: 24-141; and the following pages of Michael O'Connor's deposition to potentially be read in at trial: 26-86, 89-98, 100-114. A copy of this transcript will be provided to the Court in a binder at trial.

b. **Defendants:** Defendants do not anticipate offering deposition testimony during their case in chief. Defendants object to plaintiff's use of deposition testimony for anything other than impeachment without a showing of unavailability.

x. **A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.**

a. **Plaintiff's Exhibits**[2]

| Exhibit Number | Description | Objection(s), if any |
|---|---|---|
| 1. | *NYPD Omniform System Complaint Report* pertaining to plaintiff's June 18, 2011 arrest, bearing Bates Nos. D1-2[3] | * |
| 2. | *Memobook entries for P.O. Michael Percy,* bearing Bates Nos. D3-6, P36-39 | * |
| 3. | *Memobook entries for Sgt. O'Connor,* bearing Bates Nos. D7-8, D81-82 | * |
| 4. | *Memobook entries for P.O. Anthony Bruno,* bearing | * |

---

[2] Defendants respectfully reserve their right to modify or add objections when plaintiff produces pre-marked exhibits.

[3] "D" is short for bates stamp marking "DEFENDANTS" and "P" is short for bates stamp marking "PLANTIFF'S."

|     |                                                                                                         |   |
| --- | ------------------------------------------------------------------------------------------------------- | - |
|     | Bates Nos. D9-11                                                                                        |   |
| 5.  | *Sprint report* for June 11, 2012, bearing Bates Nos. D12-14                                            | * |
| 6.  | *Line of Duty Injury Report* for P.O. Michael Percy, bearing Bate No. D15                               | * |
| 7.  | *Witness Statements* - Injury to P.O. Michael Percy, bearing Bates Nos. D16-18                          | * |
| 8.  | *Aided Report for P.O. Michael Percy* for June 18, 2011, bearing Bates No. D19                          | * |
| 9.  | *NYPD Arrest Report*, bearing Bates No. D20                                                             | * |
| 10. | *NYPD Omniform Arrests Report*, bearing Bates Nos. P24-25                                               | * |
| 11. | *Summons Issued to Plaintiff* on June 18, 2011, bearing Bates No. D25                                   | * |
| 12. | *Complaint Report Worksheet* for plaintiff's June 18, 2011 arrest, bearing Bates Nos. P3-5              | * |
| 13. | *Online Booking System Arrest Worksheet* for plaintiff's June 18, 2011 arrest, bearing Bate Nos. P1-2   | * |
| 14. | *Certificate of Disposition*, bearing Bates No. D31                                                     | * |
| 15. | *Criminal Complaint* for plaintiff, bearing Bates                                                       | * |

|  |  |  |
|---|---|---|
|  | Nos. P20-21 |  |
| 16. | *Court Action Sheet*, bearing Bates No. D38-40 | * |
| 17. | *Photograph of Incident Location* (To be taken by parties on date TBD) |  |
| 18. | *Online Arrest Processing Report* for plaintiff's June 18, 2011 arrest, bearing Bates Nos. D181-183. | * |
| 19. | *Photograph of Plaintiff's Wrist showing injury* bearing Bates Nos. P56 | * |
| 20. | *CCRB Investigation File*, bearing Bates Nos. D52-157, P52, P58 | * |
| 21. | *MugShot Pedigree*, bearing Bates No. D24 | ** |
| 22. | *Criminal Court Back*, bearing Bates Nos. D32 | * |
| 23. | *CJA Report*, bearing Bates Nos. D33 | * |
| 24. | *DA NOTES*, bearing Bates Nos. P6-7 |  |
| 25. | *Bellevue Medical Records* for P.O. Anthony Bruno, bearing Bates Nos. P8-15 | * |
| 26. | *FDNY Prehospital Care Report* for P.O. Anthony Bruno, bearing Bates Nos. P16-17 | * |
| 27. | *DA Data Sheet*, bearing Bates Nos. P18-19 |  |
| 28. | *DA Data Form*, bearing Bates Nos. D167 | * |
| 29. | *Arrest Data Display*, bearing Bates No. P23 | * |
| 30. | *NYC Police Department Arrest Report*, bearing Bates Stamp Nos. P26-27 | * |
| 31. | *PBA Advertisement*, bearing Bates No. P28 |  |

| 32. | *PBA Affidavit*, bearing Bates Nos. P29-30 | |
| 33. | *Operations Order52*, bearing Bates Nos. P31-35 | |
| 34. | *Notice of Claim*, bearing Bates Nos. P40-43 | * |
| 35. | *People's Voluntary Disclosure Form*, bearing Bates Nos. P44-47, P77-80 | * |
| 36. | *Medical Records for Plaintiff*, bearing Bates Nos. P54-55, D107-111 | * |
| 37. | *Criminal Trial/Hearing File*, bearing Bates Nos. P68-72 | |
| 38. | *Prosecutor's Information*, bearing Bates Nos. P81-83 | * |
| 39. | *Certified Transcript of Calendar Call* for January 18 and 19, 2012, Docket No. 2011NY44642, bearing Bates Nos. P84-104 | * |
| 40. | *Certified Transcript of Calendar Call* for February 9, 2012, Docket No. 2011NY44642, bearing Bates Nos. P104-108 | * |
| 41. | *Certified Transcript of Calendar Call* for May 16, 2012, Docket No. 2011NY44642, bearing Bates Nos. P110-111 | * |
| 42. | *Middletown Medical Records: Re Anthony Bruno* Bates Nos. D192-263 | * |
| 43. | *Crystal Run Healthcare Records: Re Michael Percy bearing* Bates Nos. D264-467 | * |
| 44. | *Scotchtown Physical Therapy Records Re: Anthony Bruno* bearing Bates Nos. D468-481 | * |
| 45. | *NYU Pain Management* | * |

| | | |
|---|---|---|
| | *Records Re: Anthony Bruno* bearing Bates Nos. D482-549 | |
| 46. | *Middletown Medical Records Re: Michael Percy* bearing Bates Nos. D550-736 | * |
| 47. | *Medical Records for Sgt. O'Connor (not yet produced)* | * |
| 48. | *Medical Records for P.O. Anthony Bruno's 2008 Incident (not yet produced)* | * |
| 49. | *Monthly Activity Reports for Anthony Bruno*, bearing Bates Nos. D185-187 | * |
| 50. | *Monthly Activity Reports for Michael Percy*, bearing Bates Nos. D188-191 | * |
| 51. | *Audio Recordings from CCRB Investigation* Bates Stamped D AUDIO 1 | * |
| 52. | *Video Recording of Subway Station on Incident Date* bates stamped D VIDEO 1 | * |
| 53. | *Video Recording of Subway Station on Incident Date* bates stamped D VIDEO 2 | * |
| 54. | *Video Recording of Subway Station on Incident Date* bates stamped D VIDEO 3 | * |
| 55. | *Video Recording of Subway Station on Incident Date* bates stamped D VIDEO 4 | * |
| 56. | *Video Recording of Subway Station on Incident Date* bates stamped D VIDEO 5 | * |
| 57. | *Answer to Complaint dated August 21, 2012* Docket Entry No. 7 | * |
| 58. | *Defendants Responses and Objections Plaintiff's First Set of Interrogatories and Request For Documents dated April 5, 2012* | * |
| 59. | *Deposition Transcript for* | * |

| | Plaintiff | |
|---|---|---|
| 60. | Deposition Transcript for P.O. Michael Percy | * |
| 61. | Deposition Transcript for P.O. Anthony Bruno | * |
| 62. | Deposition Transcript for Sgt. O'Connor | * |
| 63. | NYPD Disability Application for P.O. Anthony Bruno (not yet produced) | * |
| 64. | NYPD Disability Application for P.O. Michael Percy (not yet produced) | * |

*Plaintiff, without waiving his objections, respectfully reserves the right to use and offer into evidence any and all exhibits on defendants list, if such exhibits become relevant and any other exhibits not named herein should the need arise at trial, which was not reasonably foreseeable at the time of this order.*

*Defendants reserve their right to make additional objections following the Court's decision on motions in limine.*

**Defendants' Exhibits**

| Exhibit Number | Description | Objection(s), if any |
|---|---|---|
| | | |

*Defendants, without waiving their objections, respectfully reserve the right to use and offer into evidence any and all exhibits on plaintiff's list, if such exhibits become relevant and any other exhibits not named herein should the need arise at trial, which was not reasonably foreseeable at the time of this order.*

Dated: New York, New York
July 26, 2013

| COHEN & FITCH LLP | MICHAEL A. CARDOZO |
| --- | --- |
| *Attorney for Plaintiff* | Corporation Counsel of the City of New York |
| 233 Broadway, Suite 1800 | *Attorney for Defendants* |
| New York, New York 10007 | 100 Church Street |
| Tel: (212) 374-9115 | New York, New York 10007 |
| Fax: (212) 406-2313 | Tel: (212) 356-2386 |
| | Fax: (212) 788-9776 |

By: _____
JOSHUA FITCH
GERALD COHEN

By: _____
RYAN G. SHAFFER

Dated: May 5, 2014
       New York, New York

SO ORDERED: _____
KATHERINE POLK FAILLA, U.S.D.J.